| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, SS. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO: CV-2012- |

AMERICAN AERIAL SERVICES, INC.,  )
                                              )
           Plaintiff               )
                                              )
v.                                           )   **COMPLAINT**
                                             )
TEREX USA, LLC, AND              )
THE EMPIRE CRANE COMPANY, LLC,  )
                                             )
          Defendants           )

**EXHIBIT B**

Plaintiff American Aerial Services, Inc., by and through its attorneys undersigned, complains against Defendant The Empire Crane Company, LLC and Terex USA, LLC as follows:

1. American Aerial Services, Inc. ("American Aerial") is a Maine corporation with a principal place of business in the Town of Falmouth, County of Cumberland, State of Maine.

2. Terex USA, LLC ("Terex") is a Delaware limited liability company with a principal place of business in the City of Westport, County of Fairfield, State of Connecticut.

3. The Empire Crane Company, LLC ("Empire Crane") is a New York limited liability company with a principal place of business in the City of North Syracuse, County of Onondaga, State of New York.

4. American Aerial purchased a Terex T780 truck crane from Terex and Empire Crane (hereinafter Terex and Empire Crane collectively referred to as "Defendants") by a Purchase Contract ("Purchase Contract") dated December 16, 2011. *See* copy of Purchase Contract attached hereto as Exhibit 1.

5. Under the terms of the Purchase Contract, the new 2011 Terex 7T80 truck crane ("Terex T780") was to be delivered to 72 Portland Road, Gray, Maine no later than 11:45 am on Friday, December 31, 2011.

6. Defendants Terex and Empire Crane (hereinafter collectively referred to as "Defendants") delivered the Terex T780 to Gray, Maine on December 30, 2011.

7. After American Aerial received delivery of the Terex T780 crane, it learned that Defendants had driven the crane from Waverly, Iowa with a low coolant level in the diesel engine of the crane.

8. After delivery of the crane, American Aerial learned that when the Terex T780 crane was being driven over the road from Waverly, Iowa to Gray, Maine, the emergency shut off on the engine had been disconnected and engine coolant warning lights had been illuminated during the drive from Waverly, Iowa.

9. After taking delivery of the Terex T780 crane, American Aerial had significant problems with the engine of the crane, including substantial vibration, the shredding of serpentine drive belts and destruction of the drive belt shrouding.

10. After American Aerial received delivery of the Terex T780 crane, American Aerial also had problems with the driver's door not shutting correctly, the house lock failing to engage when placing the crane boom in the cradle, as well as numerous other problems with the Terex T780 crane.

11. American Aerial informed Defendants of the numerous problems with the Terex T780 crane, but Defendants failed to remedy these deficiencies.

12. In August 2012, the Terex T780 crane failed an inspection because of manufacturing defects and a deficiency report was issued which prevented the Terex T780 crane from being placed back into service.

13. In September 2012, as the result of the deficiencies determined by the inspection in August 2012, American Aerial had a comprehensive inspection performed on the Terex T780 crane ("September 2012 Inspection").

14. As a result of the September 2012 Inspection, numerous manufacturing defects were found, including multiple weld defects on the jib and boom components, lack of fusion in welds, lack of fill and weld spatter.

15. As a result of the September 2012 Inspection, American Aerial has not been able to use the Terex T780 crane in American Aerial's business of steel erection.

16. Upon information and belief, prior to the sale of the Terex T780 crane to Empire Crane and American Aerial, Defendant Terex sold the Terex T780 crane to a dealership in Ontario, Canada.

17. The Terex dealer in Ontario, Canada did not take delivery of the Terex T780 crane, but transferred the Terex T780 crane to Empire Crane prior to the sale to American Aerial; Defendants failed to inform American Aerial.

18. American Aerial financed the Terex T780 crane through Terex Financial Services, Inc., a company affiliated with Terex USA, LLC.

19. American Aerial continues to be obligated to make monthly payments in excess of $10,000 to Terex Financial Services, Inc. despite the unavailability of the Terex T780 crane to be used in American Aerial's business.

20. As a result of the numerous mechanical problems and the manufacturing defects, including but not limited to the problems with the Terex T780 diesel engine, the improper welds, as well as other deficiencies, American Aerial has incurred substantial expenses related to the Terex T780 crane.

21. As a result of the manufacturing defects, as well as problems with the Terex T780 engine, American Aerial has lost business and incurred substantial business losses related to the inability to use the Terex T780 crane.

## COUNT I

## BREACH OF CONTRACT/BREACH OF WARRANTY

22. American Aerial repeats and realleges the allegations contained in Paragraph 1 through 21 above as if fully recited herein.

23. Defendants have breached the Purchase Contract and breached express and implied warranties, including but not limited to implied warranties of merchantability, suitability and fitness for a particular purpose.

24. As a result of Defendants' breach of contract and breach of express and implied warranties, American Aerial has incurred damages, including but not limited to the cost of repairs to the Terex T780 crane, lost revenue and lost profits, expenses related to the Terex T780 crane and continuing payments to Terex Financial Services, Inc., as well as other incidental and consequential damages

25. As a result of Defendants' breach, American Aerial has tendered back to Defendants the Terex T780 crane if Defendants would return the purchase price and reimburse American Aerial for its damages.

26. Defendants have refused to accept back the Terex T780 crane and have also refused to pay have also refused to pay American Aerial's damages.

27. Defendants are responsible for reimbursing American Aerial for all its damages, including its incidental and consequential damages resulting from their breach.

## COUNT II

## NEGLIGENCE

28. American Aerial repeats and realleges the allegations contained in Paragraph 1 through 27 above as if fully recited herein.

29. Defendants breached the standard of care in the manufacture, sale and delivery of the Terex T780 crane.

30. As a result of Defendants' breach, American Aerial has suffered damages, including but noted limited to repair costs, lost revenue and lost profits, and expenses related to the Terex T780 crane, as well as other damages.

31. Defendants are responsible for paying all damages, including incidental and consequential damages.

## COUNT III

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

32. American Aerial repeats and realleges the allegations contained in Paragraph 1 through 31 above as if fully recited herein.

33. Defendants breach the duty of good faith and fair dealing to American Aerial in the sale of the Terex T780 crane.

34. For the reasons set forth above, Defendants breached their duty of good faith and fair dealing to American Aerial.

35. As a result of Defendants' breach, American Aerial has suffered substantial damages, including but not limited to incidental and consequential damages.

36. Defendants are liable for all damages, including incidental and consequential damages, caused by their breach.

## COUNT IV

### NEGLIGENCE

37. American Aerial repeats and realleges the allegations contained in Paragraph 1 through 36 above as if fully recited herein.

38. Defendants failed to exercise reasonable care in manufacture, sale and delivery of Terex T780 crane.

39. It was reasonably foreseeable that American Aerial would rely upon the information provided by Defendants, as well as reasonably foreseeable that American Aerial would rely on the lack of information concerning problems related to the Terex T780 crane.

40. Defendants had a duty to perform their duties of manufacturing, as well as the duty to perform the sale and delivery of the Terex T780 crane in a reasonable and prudent manner.

41. Defendants breached their duty to American Aerial, including but not limited to negligently manufacturing the Terex T780 crane and negligently delivering the Terex T780 crane to American Aerial.

42. As a result of the above mentioned negligence, American Aerial has suffered substantial damages, including but not limited to incidental and consequential damages, as well as the purchase price of the Terex T780 crane.

43. Defendants are liable for all damages, including incidental and consequential damages caused by their breach.

## COUNT V

## NEGLIGENT MISREPRESENTATION

44. American Aerial repeats and realleges the allegations contained in Paragraph 1 through 43 above as if fully recited herein.

45. Defendants had a pecuniary interest in the Terex T780 crane sold to American Aerial.

46. Defendants had a duty to provide complete and accurate information about the Terex T780 crane.

47. Defendants supplied false information in the form of the description, inspection and certification of the Terex T780 crane, as well as in omitting and failing to provide American Aerial with information concerning the prior sale of the Terex T780 crane, as well as the problems that occurred during the course of driving the Terex T780 crane from Waverly, Iowa for delivery to American Aerial.

48. Defendants were negligent in providing the above mentioned information, as well as negligent in omitting the information concerning the deficiencies and delivery problems in the Terex T780 crane.

49. American Aerial has incurred and will incur substantial damages as the result of the negligent misrepresentations of Defendants.

50. American Aerial justifiably relied upon the information supplied by the Defendants, as well as relied on the fact that there was a lack of information concerning the problems with the Terex T780 crane.

51. Defendants failed to exercise reasonable care or competence in obtaining or communicating the information related to the Terex T780 crane to American Aerial.

52. Defendants are liable for all damages, including but not limited to incidental and consequential damages cause by their breach.

## COUNT VI

## INTENTIONAL MISREPRESENTATION

53. American Aerial repeats and realleges the allegations contained in Paragraph 1 through 52 above as if fully recited herein.

54. Defendants falsely represented the condition of the Terex T780 crane, including the fact that the Terex T780 crane was not in a condition suitable for the use in steel erection, as well as their failure to disclose to American Aerial the data and information concerning the manufacturing defects, prior sale and the problems encountered during the delivery of the Terex T780 crane from Waverly, Iowa.

55. Defendants failed to disclose information and data related to the manufacture and delivery of the Terex T780 crane, including but not limited to the fact that the emergency shutoff had been disconnected during the delivery from Waverly, Iowa to Maine, the diesel engine had been run low on coolant during delivery, the crane had manufacturing defects and the crane had been subjected to or prior sale.

56. Defendants made those false representations with the knowledge of the representations falsity and with disregard of whether the representations were true or false.

57. Defendants intended American Aerial to rely upon the above false representations.

58. American Aerial relied on Defendants' false representations to American Aerial's detriment which resulted and continues to result in substantial monetary damages to American Aerial.

59. Defendants are liable for all damages, including but not limited to incidental and consequential damages suffered by American Aerial as a result of Defendants' misrepresentations.

## COUNT VII

## DECEPTIVE TRADE PRACTICES ACT VIOLATION

60. American Aerial repeats and realleges the allegations contained in Paragraph 1 through 59 above as if fully recited herein.

61. By the above described actions, Defendants engaged in deceptive trade practices within the meaning of the Maine Deceptive Trade Practices Act, 10 M.R.S.A. § 1211, *et seq.*; these action include but are not limited to representations that the Terex T780 crane had characteristics and uses that the Terex T780 crane did not have; that the Terex T780 crane was in new condition after delivery from Waverly, Iowa to Gray, Maine when in fact the condition of the Terex T780 crane after delivery was not in new condition.

62. Defendants also engaged in acts within the scope of the Maine Deceptive Trade Practices Act by representations that the Terex T780 crane was of a particular standard, quality or grade sufficient to perform 80-ton crane work when in fact, because of the above described deficiencies, the crane was not of such a quality or grade.

63. Defendants also engaged in additional acts as described above which are prohibited by the Maine Deceptive Trade Practices Act.

64. Defendants' above mentioned acts were willful.

65. As a result of Defendants' violation of the Maine Deceptive Trade Practices Act, Defendants are responsible for the damages incurred by American Aerial, including incidental and consequential damages and reasonable attorneys' fees.

## COUNT VIII

## PUNITIVE DAMAGES

66. American Aerial repeats and realleges the allegations contained in Paragraph 1 through 65 above as if fully recited herein.

67. Defendants' conduct was motivated by malice, either expressed or implied.

68. Defendants are responsible for the payment of punitive damage because of the above mentioned outrageous conduct was motivated by malice, expressed or implied.

WHEREFORE, based upon the foregoing, American Aerial Services, Inc. requests that this Court enter judgment in its favor on Counts I through VIII in an amount that is reasonable under the premises and grant it its attorneys' fees, costs and interest, and such additional relief as this Court may deem appropriate.

## JURY DEMAND

American Aerial Services, Inc. demands a trial by jury.

Dated at Portland, Maine this 25 day of October, 2012.

John A. Hobson     Bar #2864
Attorney for Plaintiff

Perkins Thompson, P.A.
One Canal Plaza
P.O. Box 426
Portland, ME 04112-0426
(207) 774-2635
jhobson@perkinsthompson.com

**EMPIRE CRANE COMPANY**

SALES - SERVICE - PARTS
Toll Free: (800) 342-7575
Office: (315) 458-4101
Parts: (315) 701-4933
Fax: (315) 458-3169
Email: sales@empirecrane.com


EXHIBIT 1

## GUARANTEED PURCHASE CONTRACT

THE EMPIRE CRANE CO., LLC. of P.O. Box 5545, Syracuse, County of Onondaga, State of New York, hereinafter called the seller, hereby proposes and does sell to:

**AMERICAN AERIAL SERVICES INC**
**203 ANDERSON STREET**
**PORTLAND, ME 04103**

Thereinafter called the buyer, the equipment described in the subdivision of this contract designated "Equipment Sold" according to the terms and provisions stated below:

### "EQUIPMENT SOLD"
New 2011 Terex T780 – 80 ton Hydraulic Truck Crane
S/N 1T9T700ACBW120070

Equipped as follows:

Model T780 (80 U.S. Ton ) BASIC MACHINE (126' (38.4 m) boom included) EPA 2010 ROAD REG. COMPLIANT ENGINE - U.S. & CANADA ONLY - Jib Offset 33' (10.0 m) - 57' (17.4 m) - Auxiliary Hoist (Includes auxiliary sheave assembly) - Rotation Resistant Wire Rope on Main and Aux Hoists - Single Lever, Dual Axis Controls - Hydraulic A/C and LP Heater – AC in lower - Automatic Transmission (with Cummins ISX 500 HP Engine) – 12-ton (10.9 mt) Capacity Overhaul Ball with Hook Latch - 60 ton (54.4 mt), 5-sheave, Hook Block With Hook Latch - Remote Outrigger Controls Selected

*75 ton* (handwritten)

Sell Price: $ 615,000.00
ExWorks: New Hampton, Iowa
Terms: $10,000.00 refundable deposit, subject to financing
Available: Immediately

NOTE: Any & All sales or use taxes are sole responsibility of purchaser. Subject to Prior Sale.

### BANK WIRE INSTRUCTIONS

FIRST NIAGARA BANK
6950 South Transit Road
Lockport, NY 14094
Account # 7900536124
ABA # 222370440
Phone: 315-477-6100

(FOR FOREIGN WIRES)
Intermediary Bank:
Wells Fargo Bank
San Francisco, CA - USA
Swift Code: WFBIUS6S

Agreed and Accepted:
American Aerial Services Inc.
By: _[signature]_
Please Print: James Ready
Date: 12/16/11

Agreed and Accepted:
EMPIRE CRANE CO., LLC
By: _Chet Zerrillo_
Date: December 15, 2011

• This contract is modified by the following language: Empire Crane shall deliver (1) Terex T780 as described above to 72 Portland Rd Gray Maine, No later than 11:49am on 12/30/11. Buyers Acceptance _[signature]_ Sellers Acceptance _[signature] President_
Date: 12/22/11

Boston, MA
24 Republic
Billerica, MA 01821
Phone: (508) 868-7734

Syracuse, NY
7021 Performance Dr.
PO Box 5545
Syracuse, NY 13220

New Jersey/ NYC
254 Center St.
Landing, NJ 07850
Phone: (315) 663-4043