UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| AMERICAN AERIAL SERVICES INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:12-cv-00361-GZS |
| | ) | |
| TEREX USA LLC, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION
ON DEFENDANTS' MOTIONS TO DISMISS
(ECF Nos. 13, 15)**

American Aerial Services, Inc., a Portland, Maine business, purchased a truck crane from

The Empire Crane Company, LLC, of Onondaga, New York. The purchased truck crane was a

Terex T780. American Aerial commenced this action against Empire Crane and Terex USA,

LLC, a Connecticut business, in state court, alleging multiple defects in the truck crane and

negligence and misrepresentations related to its sale and delivery. In all, American Aerial asserts

eight counts. The defendants have filed motions to dismiss, which the court referred for report

and recommendation. For reasons that follow, I recommend that the court grant the motions in

part.

ALLEGATIONS

American Aerial purchased a Terex T780 truck crane from Terex and Empire

Crane by a Purchase Contract dated December 16, 2011. (Complaint ¶ 4 & Complaint Ex. I

(Purchase Contract), ECF No. 3-1.) The Purchase Contract required delivery in Gray, Maine.

(Complaint ¶ 5.) The allegation is that the defendants (collectively) delivered the T780 on time,

but that American Aerial has learned that the T780 was driven from Iowa with a low coolant

level, that the emergency shut off on the engine was disconnected, and that the engine coolant

warning light was illuminated during the drive.  (Id. ¶¶ 6-8.)  After taking delivery, American Aerial experienced significant problems with the T780's crane engine and other components, some of which resulted in damage to the crane.  (Id. ¶¶ 9-10.)  American Aerial notified the defendants of the problems, but they failed to provide a remedy.  (Id. ¶ 11.)  Subsequent inspections of the T780 failed and numerous manufacturing defects were found, effectively making the T780 unusable in American Aerial's business.  (Id. ¶¶ 12-15.)

Upon information and belief, American Aerial alleges that Terex has previously sold the T780 to a Canadian Terex dealership that refused to take delivery and the T780 was later transferred to Empire Crane.  (Id. ¶¶ 16-17.)  In addition to ongoing finance payments, repairs, and loss of use, American Aerial complains of lost business opportunities.  (Id. ¶¶ 18-21.)

There are eight counts, as follows:  (I) breach of contract / breach of warranty;  (II) negligence (breach of the standard of care in the manufacture, sale and delivery);  (III) breach of the duty of good faith and fair dealing;  (IV) negligence (possibly redundant of count II);  (V) negligent misrepresentation;  (VI) intentional misrepresentation;  (VII) violation of the Deceptive Trade Practices Act;  and (VIII) punitive damages.

## DISCUSSION

American Aerial sued both defendants in state court.  Defendants removed the action to this court based on diversity jurisdiction.  Terex USA, LLC, has now moved to dismiss all eight counts of the complaint.  (Terex's Motion, ECF No. 13.)  Empire Crane has joined in the motion as it pertains to counts two through eight, although it has not moved to dismiss count one, the breach of contract claim.  (Empire Crane's Motion, ECF No. 15.)  American Aerial concedes that counts two, four, and five, all of which are based on negligence theories, should be dismissed.  (Response at 13, ECF No. 17.)  For reasons that follow, I recommend that the court

grant the motion as to the counts conceded by the plaintiff and otherwise grant both motions in part, leaving only count one against both defendants.

A.      **Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for, among other things, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To state a claim, a plaintiff must set forth (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).  To decide a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "plausible on its face."  Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

Additionally, to the extent American Aerial attempts to plead a state law fraud claim, it is subject to a heightened pleading requirement and must include sufficient detail to place the defendants on notice of the particularities of the fraud allegations so that they can prepare a meaningful response.  Sutton v. Culver, 204 F. Supp. 2d 20, 39 (D. Me. 2002);  see also N. Am. Catholic Educ. Programing Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009) ("Rule 9(b) requires not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter.")  Federal Rule 9(b)'s heightened pleading standard applies to state law fraud claims asserted in federal court.  Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 427 (1st Cir.2007) (citing Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985).

B.     **Counts II, IV, and V (negligence theories)**

American Aerial has conceded that these counts should be dismissed.

C.     **Count I:  Breach of Contract / Breach of Warranty**

Terex's argument as to why this count should be dismissed as against it is short and sweet.   According to Terex, although count I asserts that the "Defendants have breached the Purchase Contract" (Complaint ¶ 23), the Purchase Contract specifies that it is between "The Empire Crane Co., LLC" and "American Aerial Services, Inc."  (Id., Ex. 1.)  The Purchase Contract is signed by "American Aerial Services, Inc." and "Empire Crane Co., LLC."  (Id.) Terex is neither mentioned in nor a party to the Purchase Contract.  Accordingly, Terex maintains that it cannot have breached the Purchase Contract and Aerial cannot state a claim for relief against Terex for breach of the Purchase Contract.  (Terex Motion at 3.)

According to American Aerial a lack of privity between a plaintiff and a defendant—such as where the plaintiff did not purchase the goods directly from the defendant—is not a defense to a breach of implied warranty claim under the Maine UCC.  11 M.R.S. § 2-318;  Koken v. Black & Veatch Constr., Inc., 426 F.3d 39, 51 (1st Cir. 2005) ("Breach of the implied warranty of merchantability is a tort under Maine law and does not require privity of contract.");  Sullivan v. Young Bros. & Co., Inc., 91 F.3d 242, 250 (1st Cir. 1996) (stating that under Maine law, a lack of privity is not a defense "in any action brought against the manufacturer, seller or supplier of goods for breach of warranty, express or implied . . . if the plaintiff was a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods.") (quoting 11 M.R.S. § 2-318).  Count one of the complaint clearly pleads breach of warranty as well as breach of contract.  Terex does not address the breach of warranty issue in its reply.

4

Based upon the First Circuit's decision in <u>Koken</u> and the Maine Law Court case cited therein, <u>Ouellette v. Sturm, Ruger & Co.</u>, 466 A.2d 478, 483 (Me. 1983), it is apparent to me that count one as asserted against Terex is not subject to dismissal based upon the argument presented.  The alleged breach is not only contractual in nature but is also alleged to have been a breach of the warranty of merchantability that arises under the Maine Uniform Commercial Code, 11 M.R.S. § 2-314(1), and is not dependent upon privity of contract.

**D.      Count III:  Breach of the Duty of Good Faith and Fair Dealing**

The parties dispute whether Maine law recognizes an independent action for breach of the duty of good faith and fair dealing under its Uniform Commercial Code.  Pursuant to 11 M.R.S. § 1-1304, American Aerial alleged that Defendant "breached [its] duty of good faith and fair dealing to [Plaintiff]," and therefore, is "liable for all damages . . . caused by [its] breach." (Complaint ¶¶ 32-36.)  Under section 1-1304 of the Maine UCC, "[e]very contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement."  11 M.R.S. § 1-1304.  Section 1-1305 of the Maine UCC further provides that "[a]ny right or obligation declared by the Uniform Commercial Code is enforceable by action unless the provision declaring it specifies a different and limited effect."  11 M.R.S. § 1-1305.

Defendants' position is that the UCC's implied duties, including the duty of good faith and fair dealing, are intended as guides to the court's interpretation, but do not support an independent claim.  They rely in large measure on an unpublished Superior Court decision, <u>Savings Bank of Maine v. Edgecomb Development, LLC</u>, No. CV-09-582, 2010 Me. Super. LEXIS 58, *13-*14 (Me. Super. Ct. May 18, 2010), which in turn relied upon the commentary to the Uniform Commercial Code.  (Terex's Motion at 6.)  Plaintiff, in turn, points out that the commentary was not enacted as part of the UCC and that other courts have apparently

recognized an independent cause of action, citing <u>Curran v. Camden National Corporation</u>, 477 F. Supp. 2d 247, 261 (D. Me. 2007), for the proposition that Maine law recognizes an independent cause of action for breach of the duty.  (Response at 11.)  In point of fact, the <u>Curran</u> case, when discussing the duty of good faith and fair dealing in the context of insurance law, noted that that duty of good faith and fair dealing "would provide the parameters for measuring whether [defendant] breached its duties [under the UCC], but would not provide an independent cause of action."  <u>Id.</u> n.14.

I agree with the defendant that it is unlikely that Maine law would recognize an independent cause of action for breach of this implied duty.  But I am not persuaded that this court needs to necessarily reach that issue in the context of the allegations pled in the complaint. As the Maine Supreme Judicial Court noted in <u>First NH Banks Granite State v. Scarborough</u>, 615 A.2d 248, 250-51 (Me. 1992), for this duty to be breached, the plaintiff must have evidence of some particularized breach of its obligation to act with "honesty in fact."  <u>Id.</u>  American Aerial's allegations do not support an inference that any action by Terex or Empire would support a plausible claim of dishonesty or failure to disclose a fact which either defendant had a duty to disclose.  Count three of the complaint should be dismissed as an independent cause of action.

**E.    Count VI:  Intentional Misrepresentation (Fraud)**

American Aerial claims that the intentional misrepresentations in this case consist of the following allegations:  (1) defendants failed to disclose the sale of the T780 to a dealership in Ontario, Canada;  (2) defendants represented the crane was appropriate for steel erection when in fact it failed a safety inspection within nine months after American Aerial took delivery; and (3) defendants failed to disclose to American Aerial the circumstances of the crane's transport from Waverly, Iowa.  (Response at 7-8, ECF No. 17;  Complaint ¶¶ 54-55.)  In addition to alleging

that these representations or failures to disclose were made, plaintiff alleges, in conclusory fashion, the other elements of a fraud claim, including the assertions that these allegations were false, they were material facts, the defendants acted with knowledge of falsity or in reckless disregard of whether it was true or false, and plaintiff in fact relied upon the representations to its detriment.  (Complaint ¶¶ 53-59.)

Plaintiff requests that if this court finds its pleadings deficient it be granted leave to amend its complaint.  However, plaintiff does not provide any guidance as to what a proposed amended complaint would look like and which of the two defendants would be alleged to have made which intentional misrepresentation.  If the allegations identified in the complaint are the only allegations plaintiff can make to establish its fraud claim, allowing plaintiff to amend its complaint would be futile to meet the requirement that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).

In addition to the failure to identify which defendant is alleged to have made which misrepresentation, the complaint reveals no facts that would demonstrate that a particular defendant had knowledge of the falsity.  For instance, assuming the prior transfer to the Ontario dealer is a material fact, which defendant had a duty to disclose that fact and why?  If the material fact relates to manufacturing defects, how did Empire Crane or Terex have knowledge of those defects?  If the material fact relates to the manner of transport from Iowa, which of the defendants had knowledge and a duty to disclose the condition of the crane during transport?  Those are particularized facts necessary to state a claim for fraud.  "The courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint also sets forth specific facts that make it reasonable to believe that

7

defendant knew that a statement was materially false or misleading is simply insufficient." N. Am. Catholic Educ. Programming Found., 567 F.3d at 13 (quoting Greenstone v. Cambex Corp., 975 F.2d 22, 25 (1st Cir. 1992)).

American Aerial does not make a significant argument that its allegations comply with Federal Rule of Civil Procedure 9(b).  Instead, it cites a Seventh Circuit case for the proposition that after removal of an action to federal court, state procedural rules will continue to govern with respect to any issues that arose prior to removal.  Ciomber v. Cooperative Plus, Inc., 527 F.3d 635, 644 (7th Cir. 2008).  The Seventh Circuit case's procedural posture was very different from this case.  The issues regarding this motion to dismiss did not arise prior to removal. Furthermore, the Maine cases plaintiff cites in support of its proposition that the complaint would pass muster under Maine Rule of Civil Procedure 9(b) do not address the precise issues raised by the defendants' motions.  American Aerial does not address the Law Court's most recent comments regarding the particularity requirement of Maine Rule 9(b).  The Maine Supreme Judicial Court has observed that Maine Rule of Civil Procedure 9(b) is practically identical to the comparable federal rule and that the state court "value[s] constructions and comments on the federal rule as *aids in* construing our parallel provisions."  Bean v. Cummings, 2008 ME 18, ¶ 11, 939 A.2d 676, 680 (quoting Cent. R.R. Co. v. Bangor & Aroostook R.R. Co., 395 A.2d 1107, 1114 (Me. 1978) and adding emphasis).  Whether these allegations would have passed muster under the Maine rule remains an unanswered question.

American Aerial does make a good practical point, however, that it could not be expected to draft a pleading in conformance with federal standards when it was filing a case in state court and had no reason to know that it would be removed.  (Response at 7.)  If American Aerial filed a motion to amend and the proposed amended complaint actually complied with Federal Rule

8

9(b) there would be no reason to deny a motion to amend, but no such proposed amended complaint has been submitted to the court.  Accordingly, my recommendation is that count three be dismissed.  If American Aerial wishes to submit a motion to amend in conjunction with an objection to this recommendation, it is certainly free to do so.

**F.    Count VII:  Deceptive Trade Practices**

Maine's version of the Uniform Deceptive Trade Practices Act provides for injunctive relief as the only available remedy.  10 M.R.S. § 1213;  see also J.S. McCarthy Co., Inc. v. Brausse Diecutting & Converting, 340 F. Supp. 2d 54, 61 (D. Me. 2004) (citing Grand Ventures v. Whaley, 622 A.2d 655, 660 (Del. Super. 1992) (observing that unless a state has specifically augmented the UDTPA's remedy provision by providing for other damages, as does Delaware, "only those seeking injunctive relief may recover under the [U]DTPA")); L.L. Bean, Inc. v. Drake Publishers, Inc., 629 F. Supp. 644, 647 (D. Me. 1986) (denying jury trial right on UDTPA count, noting the right to jury trial does not extend to purely equitable claims, such as a claim under this provision).  The Act is most commonly used, not in a one-time sale, such as the Empire Crane/Terex sale to American Aerial, but in cases were the allegations support a theory of ongoing violations.  See Town and Country Motors, Inc. v. Bill Dodge Auto. Grp., 115 F. Supp. 2d 31, 33 (D. Me. 2000) (alleging that defendant's sales personnel were discouraging customers from purchasing aftermarket services from plaintiff);  Greentree Labs., Inc. v. G.G. Bean, Inc., 718 F. Supp. 998 (D. Me.1989) (trademark confusion);  Kardex Sys., Inc. v. Sistemco N.V., 583 F. Supp. 803 (D. Me. 1984) (preliminary injunction on cross-motions for trademark infringement, including a counterclaim under state deceptive trade practices acts).  The injunctive remedy authorized by the Act applies to a claim of something like ongoing deception, where the remedy is cessation of the deception.  It does not fit a claim for monetary damages

based upon a one-time breach of warranty claim.  The current case is more like the J.S. McCarthy case than any of the deceptive trade practices cases that have proceeded to trial. This case is about monetary damages for a past act, not ongoing violations.

American Aerial responds to the motion to dismiss by noting that it has requested other appropriate relief and that such a request encompasses injunctive relief.  Assuming that is so, the broader issue is whether the allegation of a one-time sale of a defective crane states a deceptive trade practice claim.  I conclude it does not.  American Aerial argues that discovery may reveal that Terex has repeatedly engaged in undisclosed transfers to Canadian dealers and has often engaged in inadequate safety reviews.  (Response at 12.)  If discovery does reveal that to be the case, plaintiff can move to amend the complaint to seek injunctive relief against *Terex* calling for the cessation of such practices, with specific allegations of the practice or practices alleged to be deceptive.  The current pleadings do not state a plausible claim for injunctive relief against either defendant and therefore, as currently pled against both defendants, should be dismissed.

## G.     Count VIII:  Punitive Damages

Under Maine law a punitive damage award must be based on tortious conduct and may be awarded only if the plaintiff can establish by clear and convincing evidence that the defendant's conduct was motivated by actual ill will or was so outrageous that malice implied. Waxler v. Waxler, 1997 ME 190, ¶ 15, 699 A.2d 1161, 1165.  Without the claims alleging tortious conduct, including the intentional misrepresentation count which I have recommended be dismissed, there is no basis for an award of punitive damages arising from the breach of contract/warranty claim.  No matter how egregious a contractual breach has been alleged, punitive damages are unavailable under Maine law for breach of contract.  Drinkwater v. Patten Realty Corp., 563 A.2d 772, 776 (Me. 1989).

**Conclusion**

Based upon the foregoing, I recommend that the motions to dismiss (ECF Nos. 13, 15) be granted in part and denied in part.  Count one should not be dismissed as to either defendant, but the remaining counts should be dismissed as to both defendants.


NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 6, 2013                              /s/ Margaret J. Kravchuk
                                           U.S. Magistrate Judge