UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| AMERICAN AERIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TEREX USA LLC, ET AL, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) No. 2:12-cv-00361-GZS |

ORDER ON MOTION TO AMEND

Before the Court is that Plaintiffs' Motion to Amend (ECF No. 26). As briefly explained herein, the Motion is GRANTED IN PART AND DENIED IN PART.

Generally, under Rule 15, a court is instructed to allow amendment of a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, Plaintiff filed the pending motion to amend, in order to address issues that led the Magistrate Judge to recommend dismissal of various claims over Plaintiff's objections. As Plaintiff's Motion points out, the Recommended Decision, which this Court has now affirmed, invited a motion to amend the complaint, at least as to its claim for Intentional Misrepresentation/Fraud.[1] As to that claim, the Recommended Decision found the original complaint failed to comply with Rule 9(b)'s requirement that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). However, the Recommended Decision also stated:

> If American Aerial filed a motion to amend and the proposed amended complaint actually complied with Federal Rule 9(b) there would be no reason to deny a motion to amend, but no such proposed amended complaint has been submitted to the court.

---

[1] This claim was Count VI in the original complaint and is stated in Counts III & IV of the proposed amended complaint.

1

> Accordingly, my recommendation is that [this] count be dismissed. If American Aerial wishes to submit a motion to amend in conjunction with an objection to this recommendation, it is certainly free to do so.

(Recommended Decision (ECF No. 21) at 8-9.) Given this procedural history, the only question with respect to Plaintiff's request to file an amended Intentional Misrepresentation claim is whether the proposed Amended Complaint states the circumstances constituting the alleged fraud with particularity, as required by Rule 9(b). The Court finds that the proposed Amended Complaint satisfies this standard. Therefore, the Court will allow Plaintiff to file the Amended Complaint and proceed with the amended Counts III & IV, which state intentional misrepresentation claims against Terex and Empire Crane respectively.

In opposing the Motion to Amend the Complaint regarding the intentional misrepresentation claims, Defendants argue that even as amended such a claim would be futile because the claim is barred under Maine's economic loss doctrine. However, as Plaintiff correctly argues in its Reply (ECF No. 30), the applicability of the economic loss doctrine to a claim of intentional misrepresentation is "open . . . under Maine law." (Reply at 2.) In the Court's view, a motion to amend is not a proper vehicle for this Court to resolve an open question of state law. Rather, the existence of an open question of law means that the claim is necessarily not futile, which is the applicable standard of review on a motion to amend. Defendants are certainly free to renew their arguments regarding the applicability of the economic loss doctrine via additional motion practice. However, the Court will not deny Plaintiff's Motion to Amend based on a prediction that Maine might find the claims alleged in Counts III & IV to be barred by economic loss doctrine. Compare Camden Nat. Bank v. D & F Properties, LLC, No. BCD-WB-RE-10-16, 2011 WL 6131122 (Me. Super. Ct. Oct. 3, 2011) (finding the economic loss doctrine "does not apply applies to claims of misrepresentation") with

Maine-ly Marine Sales & Serv., Inc. v. Worrey, CIV.A. CV-04-369, 2006 WL 1668039 (Me. Super. Apr. 10, 2006) (dismissing fraud and misrepresentation claims pursuant to the economic loss doctrine "where a claimant is complaining about a defective product and the sole damage is to the product itself").

Having found that Plaintiff may amend its complaint to revive claims against both Defendants for intentional misrepresentation, Plaintiff also argues that it should be allowed to amend its complaint to reinstate its claims for punitive damages.  Defendant's sole argument against allowing the amended complaint to state a claim for punitive damages is inextricably tied to its arguments seeking to block Counts III & IV.  Therefore, the Court concludes that Plaintiff's stated claim for punitive damages is not futile in light of the allowed amended claims for intentional misrepresentation and fraud.[2]

Lastly, Plaintiff seeks to amend its complaint to restate a claim for breach of good faith and fair dealing in Count II of its proposed amended complaint.  The arguments presented by the parties in connection with Count II were previously briefed in connection with the Recommended Decision, which this Court affirmed.  Therefore, Plaintiff's request to reinstitute its independent claims for breach of good faith and fair dealing might be more properly viewed as a motion for reconsideration.  Regardless of the most appropriate procedural lense, the Court concludes that an amendment allowing Plaintiff to state a claim for breach of good faith and fair dealing would be futile and fails to state a claim as a matter of law.  It is true that the Maine Uniform Commercial Code imposes a duty of good faith on every applicable contract.  See 11 M.R.S.A § 1-1304  ("Every contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement.")  However, Plaintiff has not

---

[2] In order to obtain punitive damages against either Defendant, Plaintiff necessarily would have to be awarded damages on Counts III or IV as well as be able to prove malice by clear and convincing evidence.  See DiPietro v. Boynton, 628 A.2d 1019, 1024-26 (Me. 1993).

provided the Court with a single Maine case interpreting this section as allowing a standalone claim for breach of good faith and fair dealing in addition to a claim for breach of contract. Plaintiff is free to pursue any alleged breach of good faith and fair dealing as part of the breach of contract claims pled in Count I.  However, on the argument and record presented, the Court will not allow Plaintiff to revive its already dismissed claim for breach of good faith and fair dealing as stated in Count II of the proposed amended complaint.

For the reasons just explained, Plaintiff's Motion to Amend is GRANTED IN PART AND DENIED IN PART.  Plaintiff is directed to file the proposed amended complaint and the case shall proceed on the claims stated in Counts I, III, IV & V of that Amended Complaint.

SO ORDERED.

      /s/ George Z. Singal  
      United States District Judge

Dated this 7th day of May, 2013.