UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

AMERICAN AERIAL SERVICES, INC., )
                                )
        Plaintiff,               )
                                )
v.                               )        No. 2:12-cv-00361-GZS
                                )
TEREX USA LLC, ET AL,            )
                                )
        Defendants.              )
                                )

**ORDER & REPORT OF CONFERENCE**

In accordance with the prior orders (ECF Nos. 60, 65 & 67), the Court held a second conference of counsel on February 21, 2014 to discuss the Notices of Intent to File Summary Judgment (ECF Nos. 49 & 50). Attorney John Hobson appeared for Plaintiff American Aerial Services, Inc. Attorney Jonathan Dunitz appeared for Defendant Terex LLC. Attorney Scott Sublett appeared telephonically for Defendant Terex LLC ("Terex"). Attorneys Terry Kirwan and Michael Traister appeared telephonically for Defendant Empire Crane Company LLC ("Empire Crane"). Following the conference, the Court hereby ORDERS that the following procedure be followed in connection with the to-be-filed motions:

On or before **April 1, 2014**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF. The first page of the Stipulated Record shall consist of a list describing each exhibit submitted. Each exhibit shall then be clearly labeled and separately attached to this filing. The Stipulated Record may include any exhibits and depositions[1] (including any exhibits to the depositions) that all sides agree will be referenced in the statements

---

[1] To the extent any depositions are filed, counsel shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages. In the absence of an agreement on what constitutes a complete deposition excerpt, counsel shall include the complete deposition in the joint record.

of material fact. The inclusion of any exhibit in the Stipulated Record does not prevent any party from later objecting to the admissibility of the document. Likewise, the submission of a joint record does not prevent either side from submitting additional documents with their respective statements of material fact.

The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for purposes of the to-be-filed summary judgment motions. See D. Me. Local Rule 56(g). Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. The parties are free to submit any stipulations on or before **April 1, 2014**.

On or before **April 8, 2014**, Defendant Terex and Empire Crane shall file their respective motion for summary judgment. Each motion for summary judgment shall not exceed twenty-five (25) pages. The Court notes that Empire Crane has indicated it intends to limit its motion to twenty (20) pages.

On or before **April 29, 2014**, Plaintiff shall file its opposition to each motion for summary judgment. Each response shall not exceed twenty-five (25) pages. To the extent that Empire Crane's motion does not exceed twenty (20) pages, Plaintiff shall similarly limit its response to 20 pages.

On or before **May 6, 2014**, each Defendant shall file its reply in support of its respective motion for summary judgment, which shall not exceed seven (7) pages.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Absent prior court approval, Defendant Terex's statement of material facts shall not exceed one hundred and ten (110) paragraphs. Defendant Empire Crane's

statement of material facts shall not exceed fifty (50) paragraphs. Any additional statement of material facts by Plaintiff shall not exceed eighty (80) paragraphs as to Terex's motion. Plaintiff's additional statement of material facts in response to Empire Crane's s motion shall not exceed fifty (50) paragraphs. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts. Absent a specific citation, the Court has no duty to consider any part of the record submitted. To the extent any party will rely on a page of the joint record for a specific citation, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.

With respect to the prior Scheduling Order deadlines (ECF Nos. 35, 39 & 46), it appears that the only deadline that may remain after the anticipated motions for summary judgment are filed is the ready for trial deadline and any trial-related motions deadlines. These deadlines shall remain stayed until the Court issues its ruling on the motions for summary judgment. To the extent that issues remain for trial after the motion for summary judgment is decided, the Court anticipates that this case will be placed on the next available trial list following the Court's summary judgment decision and that pre-trial motions shall, to the extent practicable, be filed prior to any final pretrial conference.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 24th day of February, 2014.